IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| XTO ENERGY INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 5:13-cv-106 |
| | ) |
| UNIVERSAL PIPELINE, L.L.C. and | ) |
| PROSPERITY FUNDING, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR INTERPLEADER

Plaintiff, XTO Energy Inc. ("**XTO**"), through its undersigned counsel, and pursuant to 28 U.S.C. §§1335 and 2361, hereby files this Complaint for Interpleader. In support thereof, XTO states as follows:

## INTRODUCTION

This Complaint for Interpleader involves an account payable in the amount of $162,326.97 (the "**Account Payable**") by XTO for services rendered by Defendant Universal Pipeline, L.L.C. ("**Universal**"). As described in further detail below, Universal and Prosperity Funding, Inc. ("**Prosperity**") each claim that they are entitled to payment of the Account Payable.

## THE PARTIES

1. XTO is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 810 Houston Street, Fort Worth, Texas 76102.

2. Prosperity is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 308-D W Millbrook Road, Suite 200, Raleigh, North Carolina 27609.

3. Universal is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in the State of Alabama. Upon information and belief, the only member of Universal is Christopher Gentry Williams ("**Williams**"), who is, upon information and belief, a citizen of the State of Alabama.

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and § 1335 because two or more adverse claimants of diverse citizenship claim entitlement to an amount in excess of $500.

5. Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(a) and § 1397 because, among other things, one of the Defendants – Prosperity – resides in this judicial district.

**THE ADVERSE CLAIMS**

6. In November, 2012, Prosperity sent XTO a letter dated October 16, 2012, purportedly executed by Universal and Prosperity, stating that Universal had assigned all of its present and future accounts to Prosperity, and that all payments thereon should be made only to Prosperity. A true and correct copy of this October 16, 2012 letter is attached hereto as Exhibit 1.

7. Thereafter, Universal, by its president and member, Williams, advised XTO that the arrangement between Universal and XTO had concluded and that XTO must pay Universal the Account Payable, rather than Prosperity.

8. By letter dated December 4, 2012, an attorney for Prosperity demanded that XTO pay Prosperity certain invoices for work performed by Universal on behalf of XTO totaling $197,701.87, which invoices Prosperity claimed had been assigned to it by Universal. Included in this amount were invoices totaling $35,374.90 which XTO had already paid to Universal pursuant to Universal's instructions referenced in paragraph 7 above (the "**Paid Amount**"), leaving an unpaid balance of $162,326.97 on the allegedly assigned invoices. A true and correct copy of this December 4, 2012 letter is attached hereto as Exhibit 2.

9. When notified of this December 4, 2012 letter, counsel for Universal, by letter dated December 20, 2012, advised XTO that all of Universal's obligations to Prosperity had been satisfied, and that Prosperity "falsely claim[ed] that it is entitled to receive payments in excess of amount owed" by Universal Prosperity. A true and correct copy of this December 20, 2012 letter is attached hereto as Exhibit 3. For this and other reasons, Universal has taken the position that the Account Payable is owed and must be paid to Universal and not to Prosperity.

10. When informed that Universal had instructed XTO to refrain from paying the Account Payable to Prosperity, counsel for Prosperity advised XTO by letter dated December 21, 2012 that these instructions were "erroneous," and that the Account Payable must be paid to Prosperity.

## INTERPLEADER IS APPROPRIATE AND NECESSARY

11. XTO claims no beneficial interest in the Account Payable, but is a mere stakeholder.

12. XTO is not in a position to make a determination as to which of the Defendants is entitled to payment of the Account Payable.

13. By reason of the adverse claims made against the Account Payable, which XTO admits is due, XTO has no means other than this action of protecting itself against potential double or multiple liability and the vexation of multiple litigation concerning payment of the Account Payable.

14. XTO is ready, willing, and able to deposit the Account Payable with the Clerk of this Court upon the entry of an Order dismissing it from all liability under the Account Payable, and it offers to do so.

15. XTO has not, in any respect, colluded with the claimants herein regarding the subject matter of this action and has filed this action solely to avoid potential double or multiple liability and/or other litigation.

16. By reason of the conflicting claims, and the filing of this action, XTO has incurred in good faith attorneys' fees and costs, which fees and costs should be ordered to be paid out of the proceeds of the Account Payable.

WHEREFORE, XTO prays that the following relief be granted:

(a) That XTO be permitted to deposit the proceeds of the Account Payable, admitted to be due, with the Clerk of this Court to satisfy any judgment or relief entered or awarded by this Court in this action;

(b) That, upon such deposit as set forth above, this Court enter an Order discharging XTO of and from any and all liability arising from or on account of the Account Payable and dismissing XTO from this action with prejudice;

(c) That any and all persons, including the Defendants, their assignees, heirs, and successors-in-interest, be enjoined temporarily during the pendency of this action and thereafter

enjoined permanently from instituting and/or prosecuting any action, suit or proceedings in any court whatsoever, for or on account of the Account Payable;

(d) That the Defendants be required to make full and complete answer to this Complaint for Interpleader and to set forth their claims thereto;

(e) That this Court determine the respective rights of the Defendants to the proceeds of the Account Payable;

(f) That this Court award XTO that amount which XTO has incurred in good faith for reasonable attorneys' fees and costs, which fees and costs should be ordered by the Court to be paid out of the proceeds of the Account Payable; and

(g) That this Court enter all such other and further relief not specifically prayed for herein as this Court may deem just and proper.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: February 13, 2013

/s/ Craig D. Mills
Craig D. Mills
North Carolina Bar No. 18729
50 South 16th Street, Suite 3200
Philadelphia PA 19102-2555
Telephone: (215) 665-8700
Facsimile: (215) 665-8760

-and-

Carillon Building
227 West Trade Street, Suite 1920
Charlotte, NC 28202-1675
Telephone: (704) 444-3300
Facsimile: (704) 444-3490

**Of Counsel:**
Matthew F. Burger, Esquire
Pa. I.D. #74513
George L. Cass, Esquire
Pa. I.D. #00120

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
(412) 562-8932/1457

Attorneys for Plaintiff, XTO Energy Inc.